Judge Tuciceh,
(after • stating the case.) By the 4th article of the constitution of the United Stales, “ full faith “ and credit shall be given, in each State, to the public acts, ,i records and judicial proceedings of every other State.” A patent, under the hand of the governor and seal of the State, is one of those public acts to which full faith and credit must be given in every Court in the union, being a record of the highest nature. If the Courts of this State were to undertake to pronounce the public act of a sister State, thus solemnly authenticated, void, in consequence of any misfeasance or omission of duty in the inferior ministerial officers of that State, whose faithful discharge of their duty the patent supposes, it might lead to consequences far beyond the reach of my foresight. If the patent be void, or voidable, for the reasons suggested in the bill of exceptions, I conceive it to be competent only to the State of North Carolina, and its Courts, to pronounce it void. In what manner a patent may be avoided in that State, whether by a scire facias issuing out of the Court of Chan-eery, or otherwise, we are not informed. But no evidence, not of equal dignity with the patent itself,(a) can, I presume, be admitted in this State, to annul the operation of a grant made in due form by the proper authorities of any other State. I therefore think the evidence was rightly rejected by the Court.
A second exception was taken to the Court’s opinion. The plaintiff offered sundry depositions to prove that the defendant had not, when requested, gone himself to Tennessee, and shewn, or procured any other person, to shew *150 the land to the plaintiff; to the admission of which testimony the defendant, by his counsel, objected. And the Court being of opinion that the defendant was, by the condition of his bond, in substance bound to make the plaintiff a lawful right, under which he might enjoy peaceably the-said land, but that he had not bound himself by the said condition to shew the land to the plaintiff, the last-mentioned testimony was likewise rejected ; and I am of opinion properly. If indeed the condition of the bond had been, that the defendant should make to the plaintiff a feoffment in fee-simple, with livery of seisin, he might then have alleged the refusal to go upon the land to give actual seisin thereof, or appointing an attorney so to do in his behalf as a breach of the condition.
But having accepted a deed of bargain and sale for the lands from the defendant, there was no obligation on the. defendant afterwards to go and shew the lands, unless he had specially undertaken to do so, which, for a by thing that appears from the condition of this bond, he did not. I therefore think the judgment must be affirmed, there being no other point submitted to the Court but the admission or rejection of the above-mentioned evidence.
Judge Fleming.
It seems strange that no notice is taken in the bill of exceptions, of the want of a conveyance from Donaldson, the patentee, to Fontaine ; and as no such conveyance appears on the record, it may be presumed that none was exhibited at the trial. But as the circumstance was omitted to be stated in the bill of exceptions, this Court will take no further notice of it. I am of opinion that the decree, be affirmed.
Absent, Judge Roane.

 See 1 Hen & Munf. 308 Witherinton v. M‘Donald